UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

THOMAS A. GNIPP, as self
trustee under agreement
dated January 20, 2005 and
any unknown heirs, devisees,
grantees, creditors and
other unknown personas or
unknown spouses claiming by,
through and under any of the
above named Plaintiffs,

      Plaintiff,

v.                   Case No: 2:15-cv-99-FtM-29CM

BANK OF AMERICA N.A.,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's
Motion to Dismiss Plaintiff's Complaint (Doc. #19) filed on
November 5, 2015. Plaintiff filed a Response (Doc. #26) on
December 21, 2015. For the reasons set forth below, the Court
grants Defendant's motion and dismisses Plaintiff's Complaint
without prejudice to amend.

**I.**

Thomas A. Gnipp (Plaintiff), proceeding *pro se*, filed a three-
paragraph Complaint (Doc. #1) against Bank of America N.A.

(Defendant) on February 13, 2015.  The Complaint purports to seek redress for Defendant's failure to acknowledge receipt of and respond to Plaintiff's Qualified Written Request (QWR), in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2600 <u>et seq.</u>, and to respond to Plaintiff's request for debt validation, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 <u>et seq.</u>  Plaintiff alleges that these violations damaged his credit report.  (Doc. #1, ¶ 3.)  The Complaint also references the commencement of an "un-warranted" foreclosure action against Plaintiff and contends that "Defendant comes into court with un-clean hands."[1]  (<u>Id.</u>)

Defendant argues that dismissal is appropriate because the Complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) (Rule 8).  Defendant contends, specifically, that the Complaint does not allege any facts to support Plaintiff's conclusory allegations that Defendant failed to respond a QRW and a debt validation notice from Plaintiff; that Plaintiff did not attach a copy of either document to the

---

[1] It is unclear whether, through these statements, Plaintiff attempts to state a claim for either wrongful foreclosure or wrongful attempted foreclosure.  However, in his Response to the Motion to Dismiss, Plaintiff claims he does not seek to have this Court interfere with Defendant's state-court foreclosure proceedings against him; he only referenced those proceedings "for the purpose of explaining the un-clean argument."  (Doc. #26, p. 5.)

Complaint;[2] and that the RESPA and FDCPA sections cited in the Complaint do not address, respectively, QWRs and debt validation notices.[3]   (Doc. #19, pp. 2-3.)   The Motion to Dismiss further claims that dismissal is warranted because (i) Plaintiff has not alleged that Defendant is a "debt collector," as is required to state a claim for a violation of the FDCPA (id. pp. 3-4); (ii) Plaintiff has not sufficiently plead damages under RESPA (id. pp. 4-5); and (iii) Plaintiff's claims are barred by the Rooker-Feldman doctrine, the abstention doctrine, and the litigation privilege. (Id. pp. 5-7.)

Plaintiff's Response to the Motion to Dismiss acknowledges that the Complaint was "perhaps . . . to[o] brief" and attempts to "satisfy . . . Rule 8's requirement" by providing some details to support his claims.   (Doc. #26, p. 2.)

---

[2] In his Response, Plaintiff disputes that he did not attach a copy of his QRW or his request for debt validation to his Complaint. (Doc. #26, pp. 2-3.)   However, no documents were attached as Exhibits to, or otherwise filed with, the Complaint.

[3] The Court agrees that the specific statutory sections cited in the Complaint do not address QWRs under RESPA or requests for debt validation under the FDCPA.   However, given Plaintiff's *pro se* status, the Court will presume that Plaintiff intended to cite to 12 U.S.C. § 2605(e) and/or 12 C.F.R. § 1024.36 for his RESPA claim, and to 15 U.S.C. § 1692g for his FDCPA claim.

## II.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the complaint and "construe them in the light most favorable to the plaintiff." Baloco ex rel. Tapia v. Drummond Co., 640 F.3d 1338, 1345 (11th Cir. 2011).  However, mere "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

To survive dismissal under Rule 12(b)(6), the complaint must therefore contain enough "plausible" factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)("Factual allegations that are

4

merely consistent with a defendant's liability fall short of being facially plausible." (citation omitted)).  Instead, the complaint should contain enough factual allegations as to the material elements of each claim to permit the Court to determine - or at least infer - that those elements are satisfied, or, in layman's terms, that the plaintiff may have suffered a compensable harm for which the defendant may be liable.  See Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).

A pleading drafted by a party proceeding *pro se*, like the Complaint at issue here, is held to a less stringent standard than one drafted by an attorney, and the Court will construe the allegations contained therein liberally.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).  Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.  In other words, *pro se* status will not salvage a complaint that is devoid of facts supporting the plaintiff's claims.

Even construed liberally, the Court finds that Plaintiff's three-paragraph Complaint does not satisfy Rule 8's pleading requirements.  Plaintiff makes only the conclusory allegations that Defendant violated RESPA and the FDCPA by failing to respond, respectively, to Plaintiff's QWR and request for debt validation;

he does not allege any facts that would support these legal theories.[4]  Accordingly, the Complaint must be dismissed.

Plaintiff will, however, be given the opportunity to file an amended complaint on or before February 29, 2016.  If Plaintiff chooses to do so, the amended complaint should allege facts supporting Plaintiff's contentions that Defendant violated RESPA and the FDCPA.  Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances"  Fed. R. Civ. P. 10(b).  Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count."  Id.  If available, both the alleged QWR and request for debt validation should be attached as exhibits to the amended complaint.

In light of Plaintiff's *pro se* status, the Court attaches three cases to this Opinion and Order, which may assist Plaintiff in amending his Complaint: Kennedy v. CompuCredit Holdings Corp., 9 F. Supp. 3d 1314 (M.D. Fla. 2014) (Exhibit A); Williams v. Am.'s Servicing Co., No. 2:09-cv-775-FtM-29DNF, 2011 WL 1060652 (M.D. Fla. 2011) (Exhibit B); and Losure v. Capital One Servs., Inc.,

---

[4] Additionally, "unclean hands" is an affirmative legal defense to a claim for equitable relief; it is not a separate cause of action.

No. 2:05CV502FTM29SPC, 2006 WL 166520 (M.D. Fla. Jan. 23, 2006) (Exhibit C).

For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing a *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm.  The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that, through a series of questions, may help Plaintiff generate an amended complaint.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss the Complaint (Doc. #19) is **GRANTED** and the Complaint (Doc. #1) is **dismissed without prejudice** to file an amended complaint on or before February 29, 2016**.**

**DONE AND ORDERED** at Fort Myers, Florida, this 8th day of February, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record